IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KLX ENERGY SERVICES, LLC, | § § § | |
| Appellant, | § § | |
| v. | § | CIVIL ACTION NO. H-22-2599 |
| | § | |
| ROANALD J. SOMMERS, *trustee for debtor*, MAGELLAN E&P HOLDINGS, INC., | § § § § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM AND ORDER**

This is an appeal from the bankruptcy court's refusal to lift the stay to allow an alleged additional insured to intervene in a federal court lawsuit between the Chapter 7 trustee for the debtor and its insurer, in order to assert the additional insured's own claim against the insurer. Based on the briefs filed by the parties and the applicable law, the court finds that the bankruptcy court erred in denying the motion to lift the stay. The reasons are explained below.

**I.      Background**

Magellan E & P Holdings, Inc., owned an offshore natural gas well; the well suffered a blowout. (Docket Entry No. 7 at 16). Magellan hired Great White Well Control (the trade name for KLX Energy Services, LLC), among others, to deal with the blowout. Great White responded and billed Magellan approximately $4.6 million for the work required to control the well. (Docket Entry No. 3-3 at 78).

Magellan had obtained an "Operator's Extra Expense" insurance policy from Antares Underwriting Limited covering work needed for "regaining control of the well, cleaning up any seepage or pollution caused by a blowout and redrilling the well or restoring it to operation with

the minimum limits of $20 million." (Docket Entry No. 3-4 at 42).  The Emergency Work Order Agreement between Magellan and Great White for remediating the blowout required Magellan to hold "Operator's Extra Expense" insurance, to name Great White as an additional insured, to waive subrogation in favor of Great White, and to provide Great White with a certificate of insurance. Magellan met these requirements.  After Great White did the work, Magellan failed to pay.

Great White demanded payment from the Underwriter as an additional insured under the policy.  The Underwriter denied coverage, asserting that Great White was not an additional insured. Great White sued Magellan, the Underwriter, and the broker in state court.  The Underwriter sued Magellan in the Southern District of Texas, Houston Division, seeking a declaratory judgment that it owned Magellan nothing more under policy. (Docket Entry No. 7 at 20–21).  Magellan quickly filed for Chapter 7 bankruptcy.  The Underwriter's federal lawsuit against Magellan and Great White's state court lawsuit against Magellan and the Underwriter were stayed.

Great White filed a motion for relief from the stay so that it could intervene to assert its claim against the Underwriter as an additional insured under Magellan's policy.  Great White's motion also asked the district court to decide whether the policy amount Great White sought was property of the bankruptcy estate. (Docket Entry No. 3-3 at 40–41).  Great White argued that the only issue before the bankruptcy court was whether Great White had a direct claim against the Underwriter, not whether Great White should prevail on the merits of that claim.  The trustee opposed Great White's effort to have the bankruptcy court find that Great White was an additional insured on Magellan's policy.

The bankruptcy court held a hearing and entered an order that reached the merits.  The court held that Great White was not an additional insured, citing disclaimer language in the

2

Certificate of Insurance.  The court also found that the insurance proceeds were not the property of the estate, and that Great White had no claim to those proceeds. (Docket Entry No. 3-3 at 168).

Great White unsuccessfully sought reconsideration, then filed this appeal. Two issues are raised.  The first is whether the bankruptcy court had authority under *Stern v. Marshall*, 564 U.S. 462 (2011), to make merits findings on Great White's state-law claim against a non-debtor in resolving the motion to lift the stay.  The second is whether the bankruptcy court erred in deciding that Great White was not an additional insured under Great White's policy with the Underwriter. Each issue is addressed below.

## II.     Analysis

Core proceedings are those that "involve[] a right created by the federal bankruptcy law" or would arise only in bankruptcy." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).  Great White's claim against the Underwriter is a state-law claim that does not arise in or under bankruptcy law.  Instead, Great White could pursue its direct claim against the Underwriter outside of Magellan's bankruptcy proceeding. Great White's claim is only "*related* to the bankruptcy because of its potential effect" and is therefore non-core. *Id.* (emphasis in original).  The bankruptcy court could not enter a final order resolving Great White's non-core state-law claim against the non-debtor Underwriter absent party consent. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 674 (2015).  Great White asked the bankruptcy court to lift the stay to allow it to intervene in the bankruptcy and to have the district court determine the merits of the additional insured issue. The bankruptcy court did not lift the stay. Instead, it ruled on the merits.  The record shows no consent to have the bankruptcy court determine this claim.

In addition, the procedure the bankruptcy court used to decide the merits of the additional insured question was problematic.  The trustee responded to the motion to lift the stay by asking the bankruptcy court to issue a declaratory judgment as to Great White's additional insured status.

3

That called for a substantive determination on the merits that required an adversary proceeding. *See* Fed. R. Bankr. P. 7001(2), (9), (10). No adversary proceeding was held before the bankruptcy court issued its merits determination on Great White's interest in the proceeds of the well blowout policy Magellan had obtained from the Underwriters. This procedural problem requires that the bankruptcy court order be vacated to permit the bankruptcy court to decide if Great White's was a direct claim against the Underwriter, not derivative of the estate's claim under the policy.

The trustee opposed this result by arguing that even though the bankruptcy judge found that Great White was not an additional insured on the Magellan policy issued by the Underwriter, issue preclusion would not apply if Great White tried to sue the Underwriter directly. The trustee argued that the lack of privity between Great White and the trustee would leave Great White free to sue the Underwriter directly. One problem with this argument is that Great White was a party to the motion for relief from stay, opening the way to preclusion arguments from the denial of that motion. A second problem is that the facts affecting the legal relationships between Great White, the Underwriter, and Magellan are overlapping. The legal and factual issues should be considered together, most efficiently by lifting the stay to allow Great White to intervene in the insurance case, or, if not, by determining in an adversary proceeding in the bankruptcy case whether Great White is an additional insured with an interest in the policy proceeds. The bankruptcy court did neither, instead denying the motion to lift the stay and making a substantive merits determination on the nature and extent of Great White's interest in the proceeds the Underwriter owed under Magellan's policy. (Docket Entry No. 3-3 at 168–69). Had the bankruptcy court lifted the stay to permit Great White to intervene, it would have had an adequate and fair opportunity to fully present its evidence and arguments on its status as an additional insured. The failure to lift the stay and permit intervention meant that Great White could not present the basis of its claim.

5

By denying the motion to lift the stay, and then proceeding to determine not only whether Great White had a claim as an additional insured but also to determine that the claim failed and that the policy proceeds were the exclusive property of the bankruptcy estate, the bankruptcy court erred. This court vacates the bankruptcy court's order of June 8, 2022, and grants Great White the right to intervene in the insurance case between Magellan and the Underwriter for a full presentation and decision as to whether Great White's claim is that of an additional insured and whether policy proceeds attributable to Great White's work are the property of Magellan's bankruptcy estate.

SIGNED on August 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge